**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 20-20118-CV-GRAHAM

POLINA SOROKA and SIMON SOROKA,
Individually and as Parents and
next friend to B. S., a minor,

Plaintiffs,

vs.

MSC CRUISES, S.A.,

Defendant.

_____/

**ORDER**

   **THIS CAUSE** comes before the Court upon Defendant's Motion to

Dismiss [D.E. 10].

   **THE COURT** has considered the Motion, pertinent portions of the

record, and is otherwise fully advised in the premises.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

   On November 4, 2018, the Plaintiffs were passengers aboard

Defendant's cruise ship. At approximately 6:30AM, Plaintiff B.S.,

a minor, was sleeping on the top bunk of the bunk bed in Plaintiffs'

stateroom when the bed collapsed and fell on Plaintiff, Polina

Soroka. On January 10, 2020, the Plaintiffs filed suit against

Defendant MSC Cruises, S.A., alleging twelve counts of negligence.

   On March 10, 2020, Defendant MSC Cruises, S.A. filed the instant

Motion to Dismiss, arguing Plaintiffs' Complaint was an  improper

1

shotgun pleading and Plaintiffs failed to state a claim. Defendant also requested that the Court dismiss Counts 1, 3, 5, 7, 9 and 11, and strike paragraphs 14 through 62 of the Complaint because these portions of the Complaint include legal arguments suggesting a heightened standard of care that Defendant argues is inconsistent with current maritime law. [D.E. 10].

Plaintiffs then filed a Motion for Extension of Time to respond to the Motion to Dismiss by April 24, 2020, which was granted by this Court. [D.E. 13, 14]. On April 23, 2020, without leave, the Plaintiffs filed an Amended Complaint in lieu of a response to Defendant's Motion. [D.E. 17]

## II.   LEGAL STANDARD

Under Rule 8, allegations within a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The statement need only give the defendant fair notice of what the claim is and the ground upon which it rests." Thomason v. Alabama Home Builders Licensure Bd., 741 F. App'x 638, 641 (11th Cir. 2018) (citing Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)).

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider allegations of the complaint as true, and

accept all reasonable inferences." <u>Omar ex rel. Cannon v. Lindsey</u>, 334 F.3d 1246, 1247 (11th Cir. 2003) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quotations and citations omitted). Accordingly, for a claim to have facial plausibility, a Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> Therefore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u>

## III. DISCUSSION

### A. Motion to Dismiss Complaint [D.E. 10]

Defendant MSC Cruises, S.A., urges this Court to dismiss Plaintiffs' Complaint in its entirety as an improper "shotgun" pleading. [D.E. 10]

The Eleventh Circuit has recognized the burden improper "shotgun" pleadings have on the judicial system, stating,

> This case is part of a broader phenomenon that we have
> previously labeled "shotgun pleading." These types of

cases invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief. The general allegations are incorporated by reference into each count of the complaint; the complaint is followed by an answer that responds to each and every statement. If the trial judge does not quickly demand repleader, all is lost—extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits.

Johnson Enterprises of Jacksonville, Inc. v. FPL Grp., Inc., 162 F.3d 1290, 1333 (11th Cir. 1998).

Further, "[s]hotgun pleadings violate Rule 8, which requires a short and plain statement of the claim showing that the pleader is entitled to relief... by fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294-95 (11th Cir. 2018).

The District Court is charged with an "inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).

4

In the instant case, the Plaintiffs' Complaint begins with thirteen pages, or 104 paragraphs, of legal argument, vague factual allegations, and conclusory statements. The Plaintiffs then incorporates all 104 of these paragraphs into six of the Counts against the Defendant, and 55 paragraphs into the remaining six counts.

Defendant, in its Motion to Dismiss, cites a case decided by this Court in which an almost identical complaint was dismissed on the same grounds. This Court stated, "[the] complaint contains eight pages of legal argument which the Court finds improperly incorporated into this pleading...legal arguments and contentions are not properly part of a complaint and will not be included in the statement of facts... paragraphs of legal argument, quotations, and citations ... have no place in a complaint." Reese v. Carnival Corp., No. 20-20475-CIV, 2020 WL 584099, at *2 (S.D. Fla. Feb. 6, 2020)(citations omitted).

The Plaintiffs' Complaint in this matter is glaringly similar to the Complaint dismissed by this Court in *Reese*. In fact, the first eight pages of the two Complaints contain identical language. Increasing concern is drawn from the fact that the instant Complaint refers to "slipping hazards," which are relevant to the facts in *Reese*, but irrelevant to the claims brought by Plaintiffs in this action which involves a collapsed bunk bed.

The Plaintiffs' Complaint, by incorporating long lists of vague factual allegations and conclusory statements into each count, lacks the specificity required to put Defendant on notice of the claims against it and the grounds upon which each claim rests.

Defendant's Motion to Dismiss Plaintiffs' Complaint in its entirety as an improper "shotgun" pleading is therefore **GRANTED**.

### B. Amended Complaint

The Court notes that Plaintiffs did not respond to Defendant's Motion to Dismiss, and instead, filed an Amended Complaint. [D.E. 17]. However, the Amended Complaint was untimely and unauthorized, as Plaintiffs failed to obtain leave of the Court as required by Rule 15(a)(2) of the Federal Rules of Civil Procedure. Further, Plaintiffs' Amended Complaint contains the same deficiencies that warrant a dismissal of Plaintiffs' original Complaint. The counts in the Amended Complaint incorporate a long list of vague factual allegations and conclusory statements and fail to put the Defendant on notice of the claims against it and the grounds upon which each claim rests. As such, the Plaintiffs' Amended Complaint is **DISMISSED**.

### IV. CONCLUSION

It is therefore **ORDERED AND AJUDGED** that Defendant MSC Cruises S.A.'s Motion to Dismiss Plaintiffs' Complaint [D.E. 10] is hereby

**GRANTED.** Plaintiffs' Complaint [D.E. 1] is **DISMISSED WITHOUT PREJUDICE.** It is further

ORDERED AND ADJUDGED that Plaintiffs' Amended Complaint [D.E. 17] is **DISMISSED WITHOUT PREJUDICE.** It is further

ORDERED AND ADJUDGED that Plaintiffs are granted leave to file a second amended complaint, remedying the issues outlined herein, within ten (10) days of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of May, 2020.

s/ Donald L. Graham
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:  All Counsel of Record