U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-20118-DLG

POLINA SOROKA and SIMON SOROKA,
Individually and as Parents and next friend to
B. S., a minor,

    Plaintiffs,

vs.

MSC CRUISES, S.A.,

    Defendant.
_____/

# MOTION TO STRIKE AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, POLINA SOROKA and SIMON SOROKA, Individually and as Parents and next friend to B. S., a minor, by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12, files this Motion to Strike Affirmative Defenses No. 10, 12, 13,14, 15, 16, 17,18, 19, and 20 and, in support thereof, states as follows:

1. In response to Plaintiffs' Second Amended Complaint, on May 27, 2020, the Defendant filed its Answer and alleged twenty affirmative defenses [DE25].

2. Plaintiff is moving to strike affirmative Defenses No. 10, 12, 13,14, 15, 16, 17,18, 19, and 20 for the reasons stated herein.

3. Defendant's Tenth Affirmative Defense alleges Plaintiffs' injuries were caused solely by the conduct of third parties. Plaintiff contends that Defendant has a non-delegable duty to provide and maintain safe beds in passenger cabins. See *Levy v. Home Depot, Inc.*, 518 So.2d 941 (Fla. 3d DCA 1987) (A property owner has a duty toward invitees "to keep his property in reasonably safe condition and to protect the invitee from dangers of which he

is or should be aware."). Additionally, factual allegations must support affirmative defenses. *Bartram,* 2010 WL 4736834, at *2 (M.D. Fla.) (citing Fed. R. Civ. P. 8(b)(1)(A)). General Maritime law does not allow a defendant to place a non-party on the verdict form, or to argue the negligence of a non-party is responsible for a Plaintiff's claim to a jury. *Groff v. Chandris*, 835 F. Supp. 1408, 1410 (S.D. Fla. 1993).

4. Defendant's Twelfth Affirmative Defense alleges any recovery should be reduced in proportion to the respective negligence. Under General Maritime law, a third-party setoff is not available.

5. Defendant, in its Thirteenth Affirmative Defense alleges, "MSC asserts that its liability, if any, must be reduced by the comparative amount of liability and/or fault attributable to the Plaintiffs for the reasons set forth in the preceding and subsequent affirmative defenses." Defendant's affirmative defense is redundant and duplicative of Affirmative Defense No.12, above.

6. Defendant's Fourteenth Affirmative Defense claims "MSC asserts that the MSC did not have notice of the allegedly dangerous condition(s), if any, and therefore did not have a duty to warn Plaintiffs as to the existence of same." Defendant does not provide factual allegations. Defendant's affirmative defense is simply a denial and not in compliance with Fed. R. Civ. P. 8(c)(1).

7. Defendant's Fifteenth Affirmative Defense claims "MSC asserts that it fully discharged its duties to the passengers of the subject vessel, including Plaintiffs, by warning of any and all dangers and/or conditions unique to the vessel, if any." Defendant fails to provide factual allegations which support its affirmative defenses. *Bartram, LLC v. Landmark Am. Ins. Co.*, 2010 WL 4736834, at *2 (M.D. Fla.) (citing Fed. R. Civ. P. 8(b)(1)(A)). In

*Bartram*, the court struck an affirmative defense because the defendant failed to allege any supporting facts. *Bartram*, 2010 WL 4736834, at *2. The exact same pleading defect exists in this case, and therefore this Court should strike the defense for lacking factual support.

8. Defendant's Sixteenth Affirmative Defense claims that Plaintiffs' award should be reduced by any collateral source payments. General Maritime law prohibits a defendant from reducing its liability to an injured plaintiff because of payments made by third parties and collateral sources. See *Borque v. Diamond M. Drilling Co.*, 623 F.2d 351, 354 (5th Cir. 1980). A defendant in a maritime case does not get a set-off for health insurance payments. *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 304-07 (5th Cir. 2008).

9. Defendant's Seventeenth Affirmative Defense alleges Plaintiffs fail to state a claim. Defendant fails to provide factual allegations which support its affirmative defenses. *Bartram,* 2010 WL 4736834, at *2 (citing Fed. R. Civ. P. 8(b)(1)(A)).

10. Defendant's Eighteenth Affirmative Defense alleges this action is governed by the terms and condition contained in the contract; however, fails to identify which terms, limitations and condition. Factual allegations must support affirmative defenses. *Bartram,* 2010 WL 4736834, at *2 (citing Fed. R. Civ. P. 8(b)(1)(A)).

11. Defendant, in its Nineteenth Affirmative Defense, claims that as set forth in the Passenger Ticket Contract, because Plaintiffs' claims are governed by admiralty/maritime law and/or this court's admiralty jurisdiction, the Plaintiffs have no right to a jury trial and all disputes are to be tried without a jury. Defendant's affirmative defense is redundant

12. Defendant's Twentieth Affirmative Defense alleges the incident was caused by a force majeure and/or Act of God. Factual allegations must support affirmative defenses.

*Bartram,* 2010 WL 4736834, at *2 (citing Fed. R. Civ. P. 8(b)(1)(A)). Defendant lacks specificity and certainty.

**WHEREFORE**, Plaintiff requests an Order Striking Defendant's Affirmative Defenses No. 10, 12, 13,14, 15, 16, 17,18, 19, and 20.

### CERTIFICATE OF GOOD FAITH UNDER LOCAL RULE 7.1

Pursuant to Southern District of Florida, Local Rule 7.1, counsel for the Plaintiff certifies that he has made reasonable efforts to confer with Defendant's counsel, via email on 06/16/2020, and telephone conferences on 06/18/2020 and 06/22/2020. The parties were unable to resolve the issues raised herein.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 23, 2020 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

        BY:   */s/ Glenn J. Holzberg*
                GLENN J. HOLZBERG
                Fla. Bar Number: 369551

## SERVICE LIST
Soroka, et. al. v. MSC
Case No.: 20-CV-20118-DLG

**GLEN HOLZBERG, ESQ.**
Glenn@holzberglegal.com
**LOUIS M. HOLZBERG, ESQ.**
louis@holzberglegal.com
HOLZBERG LEGAL
7685 SW 104th Street, Suite 220
Miami, FL 33156
Phone: 305-668-6410
Fax: 305-667-6161
*Attorneys for Plaintiff*

**JEFFREY B. MALTZMAN, ESQ.**
jeffreym@maltzmanpartners.com
**STEVE HOLMAN, ESQ.**
steveh@maltzmanpartners.com
**T. ALEXANDER DEVINE, ESQ.**
alexd@maltzmanpartners.com
MALTZMAN & PARTNERS, P.A.
55 Miracle Mile, Suite 300
Coral Gables, FL 33134
Phone: 305-779-5665
Fax: 305-779-5664
*Attorneys for Defendant*